IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN GARLAND HAYES,            *

                                      *          Civil No. RDB-10-996

              v.                 *

                                      *          Criminal No. RDB-08-0590

UNITED STATES OF AMERICA       *

                                      *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Stephen Garland Hayes ("Hayes" or "Petitioner") has filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 30).  Hayes challenges the sentence of 120 months that this Court imposed on June 5, 2009 on the ground that he was selectively prosecuted by the government.  Specifically, Hayes claims that the government selectively prosecuted him and not his alleged co-conspirators.  The government has filed a response in opposition to Petitioner's § 2255 Motion.  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons set forth below, Petitioner's motion is DENIED.

## PROCEDURAL HISTORY

On February 11, 2009, pursuant to a written plea agreement, Hayes pled guilty to Count One of the indictment, which charged him with conspiracy to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841, 846.  Hayes was sentenced to a total term of 120 months imprisonment on June 5, 2009.  In April 2010, Hayes filed the instant Motion to Vacate, in which he challenges his sentence on the ground that he was targeted for selective prosecution..

**ANALYSIS**

Title 28 U.S.C. § 2255, which allows federal inmates to make post-conviction motions to vacate sentences, does not provide an alternate route for appeal.  Hayes' Motion to Vacate acknowledges that all of the issues contained in his petition are being raised for the first time. However, it is well-established that issues not raised at trial or on direct appeal are deemed procedurally defaulted and cannot be considered in a subsequent § 2255 motion unless a movant can show either that 1) "cause and actual prejudice" resulted from the errors asserted, or 2) that an "imminent miscarriage of justice" would result from a denial of the collateral attack.  *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).  Cause "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493.  Demonstrating a potential "miscarriage of justice" requires a showing of movant's "actual innocence by clear and convincing evidence." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496, (1986)).

Hayes fails to meet this standard because he demonstrates neither "cause" nor "actual prejudice" in support of his selective prosecution claim.  Hayes supports his selective prosecution claim by asserting that the "other allegded [sic] conspirors [sic] wasnt prosecuted.  I was the only one prosecuted because I was victorious at jury trial in a previous case for which I was on supervised release for being found guilty of a lesser included charge." Pet'r's Mot. at 5. However, as the government points out, Petitioner and his counsel were both aware that the other alleged conspirators were not prosecuted.  *See* Gov. Opp'n at 7.

The United States Court of Appeals for the Fourth Circuit has held that the standard to demonstrate a constitutional violation for selective prosecution is "particularly demanding." *United States v. Passaro*, 577 F.3d 207, 219 (4th Cir. 2009) (citations omitted) (holding that a

defendant must provide evidence to demonstrate that a government prosecutor has acted unlawfully). This standard is even higher when a defendant enters a guilty plea. *Id.* Petitioner acknowledges that he understood the charges he was facing as a result of his guilty plea. Tr. at 9, lines 4-13, ECF No. 34-2. Thus, Petitioner has not shown that a "miscarriage of justice" would result because he has not demonstrated "actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citations omitted). Because he has not presented clear and convincing evidence of cause, prejudice, or actual innocence, Hayes' claim is deemed to be waived under the procedural-default rule. *See Massaro v. United States*, 538 U.S. 500, 504, (2003) (describing the procedural default rule as "a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments").

Moreover, even if Petitioner's claim were not subject to the procedural default rule, Hayes' claim also fails on the merits. Prosecutorial discretion is subject to the equal protection component of the Due Process Clause of the Fifth Amendment, which prohibits prosecutorial decisions based on "an unjustifiable standard such as race, religion, or other arbitrary classifications." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). To demonstrate a claim of selective prosecution in violation of the equal protection component of the Due Process Clause, Petitioner must present "clear evidence" that the prosecutor's decision "'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *Id.* at 464-65 (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)). Here, Petitioner has presented no evidence that the prosecutor's decision had either a discriminatory effect or was motivated by a discriminatory purpose. Accordingly, Hayes' petition for relief pursuant to 28 U.S.C. § 2255 is DENIED.

**CONCLUSION**

In conclusion, petitioner Stephen Garland Hayes' claim that he was selectively prosecuted is without merit and his  Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 30) is therefore DENIED.


A separate Order follows.


Dated: March 19, 2012


/s/_____
Richard D. Bennett
United States District Judge